### No. 259
PENNA. R. R. CO. v. PUB. UTIL. COMM.
No. 18870.  Supreme Court.
On petition in error.  Dock. Dec. 17, 1924, 3 Abs. 2.

681.  JURISDICTION—Does legislative action by Congress upon the subject of "locomotive engines and appurtenances thereof", take away the power of state to enforce "Fire Door Act", a state act?—Is jurisdiction of Pub. Util. Comm. unlawful?

This is a proceeding in error prosecuted by the Pennsylvania Railroad Co. from a final order of the Public Utilities Commission to enforce compliance by the railroad company with the Ohio Automatic Fire Door Law; 8951-1-2-3, GC which provides in part, that railroad companies operating in or passing through Ohio shall equip their locomotives with automatic fire doors over fire boxes of said locomotives; the penalty for violation is fixed and the Public Util. Comm. is empowered to enforce the foregoing sections.

The Commission had the railroad company appear and show cause why the process of law should not be invoked to enforce compliance with the sections. The company appeared and objected to the jurisdiction in the premises; and moved to dismiss, because as a common carrier engaged in interstate commerce is subject to the Interstate Commerce Act and amendments thereto, especially an Act of Congress known as the Federal Boiler Inspection Act, by virtue of which Act the entire field of legislation in respect to locomotives and appurtenances has been covered. The motion and objection was overruled and the matter proceeded for hearing.

An inspector testified that certain locomo-

tives on the lines of the railroad company were not equipped with the automatic fire door. The company claims that it shifts locomotives from one division to another to meet the service of the public and engines and locomotives of different classes are needed in the various uses to which they are put.

The Commission rendered judgment against the Railroad Company, ordering it to equip the locomotives with automatic fire doors; of which said order the railroad company complains.

Attorneys—Henderson and Burr and Sherman B. Randall, for Railway Co.; C. C. Crabbe and J. W. Bricker, for Commission; all of Columbus.

---

### No. 260
L. & N. R. R. CO. v. GREENE
No. 18933.  Supreme Court.
Motion to direct Hamilton Appeals to certify record.  Dock. Feb. 2, 1924, 3 Abs. 82.

923.  PLEADINGS—Must a foreign statute be pleaded in showing that a right to bring action for a wrongful death existed?

70.  AMENDMENTS — Can petition be amended, setting up foreign statute, after verdict is returned?

Dora Greene; administratrix of the estate of Wm. Greene, deceased, brought an action in the Cincinnati Superior Court to recover for the wrongful death of her husband. It was claimed that deceased met death at the intersection of a road and tracks due to the negligence of the Louisville & Nashville Railroad Co., a corporation operating under the laws of Kentucky.

The Railroad Co. alleged that the petition of Greene did not aver that there was a Statute of Kentucky authorizing an action for wrongful death. The court charged the jury on the measure of damages, according to the rule in Ohio in such cases; no evidence of proof being offered at the trial of an existing Kentucky statute authorizing a suit for wrongful death on March 3, 1924, a verdict was returned for Greene, and she filed a motion for a new trial on March 6. The following day she asked for leave to file an amendment setting up for the first time, the Kentucky Statute and after limitations had run thereon. The Railway Co. in the meantime, had made a motion for judgment notwithstanding the verdict. The Superior Court allowed the amendment, set aside the verdict and granted a new trial, and overruled the motion for a judgment notwithstanding the verdict. The judgment of the trial court was affirmed by the Court of Appeals.

The Railroad Co. contends that the lower court erred in:

1.  Overruling the motion for judgment on the pleadings, notwithstanding the verdict.

2.  Allowing the amendment to the petition, which stated no cause of action.

3.  Railroad Co. also contends that the statute of limitations had run against the cause set up by the amendment and the right of action no longer existed.

Attorneys—Freiberg, Avery & Simmonds, Cincinnati, for Railroad; Nicholas, Merrell, Stewart & Ginther, Cincinnati, for Greene.